UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHASE ANDERSON ROMAGNANO,

    Plaintiff,

v.                                                           Case No. 3:23cv24643-MCR-HTC

PAMELA LYNN CHILDERS, et al.,

    Defendants.
_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

    Plaintiff Chase Anderson Romagnano, proceeding *pro se*, has filed an amended complaint alleging the Defendants violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Doc. 11. After reviewing the amended complaint, the undersigned concludes this case should be dismissed for lack of subject-matter jurisdiction, as Plaintiff has not established he has standing to bring a RICO claim and his allegations are frivolous.

**I.    Background**

    Plaintiff sues three Defendants: (1) Pam Childers, the Escambia County Clerk and Comptroller; (2) the Pensacola Police Department ("PPD"); and (3) the Escambia County Sheriff's Office ("ECSO"). The only non-conclusory, specific allegations regarding these three Defendants in the 48-page amended complaint are

the following: (1) based on a conversation Plaintiff had with elections officials, Childers did not have the minimum number of valid signatures to qualify as a candidate for Escambia County Clerk and Comptroller in 2020 and, thus, Plaintiff should have won the election as the write-in candidate with the most votes; (2) PPD officers refused to file police reports in 2019 after Plaintiff reported his laptop was stolen, and in 2023 after an unspecified incident; and (3) Deputy K. Hill with the ECSO repeatedly tried "to start a confrontation" with Plaintiff "whenever he came into the courthouse to use the law library by trying to make him stand to get his items out of the box that you go through the metal detector with," instead of allowing him to do so sitting down.[1]

## II.  Legal Standard

Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  When a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*;

---

[1] The amended complaint contains several allegations about events which occurred in Alabama between 2006 and 2016, including a child support dispute between his parents, criminal charges he faced, and the loss of his homestead property.  Although Plaintiff suggests these events are part of "a RICO pattern," he has not alleged any facts to connect the events in Alabama to the Defendants in this case.  In addition, any RICO claim based on the events in Alabama would likely be barred by the statute of limitations.  *See Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013) (noting "[t]he statute of limitations for civil RICO actions is four years" which begins to run "when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering") (citations omitted).

*see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Federal courts must have one of three types of subject-matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. § 1331; or (3) diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

### III.   Discussion

#### A.   RICO Act

The RICO Act "provides for civil and criminal liability against any person who conducts the affairs of an enterprise 'through a pattern of racketeering activity or collection of unlawful debt.'" *Dixon v. Green Tree Servicing, LLC*, 859 F. App'x 373, 377 (11th Cir. 2021) (citing 18 U.S.C. §§ 1962(c), 1964); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004) ("Essential to any successful RICO claim are the basic requirements of establishing a RICO enterprise and a 'pattern of racketeering activity.'"). "To recover on a civil RICO claim, 'the plaintiffs must prove, first, that § 1962 was violated; second, that they were injured in their business or property; and third, that the § 1962 violation caused the injury.'"

*Rock v. BAE Sys., Inc.*, 556 F. App'x 869, 871-72 (11th Cir. 2014) (quoting *Cox v. Adm'r, U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994)).

"In order to have standing under RICO, a civil plaintiff must show that he suffered business or property injuries as a result of a RICO violation. … Recovery based on personal injury, including claims of emotional and mental distress, is not cognizable under RICO." *Rock*, 556 F. App'x at 872 (citations omitted). Here, Plaintiff has not established he has standing to sue under the RICO Act because: (1) he does not allege he suffered any injury to his business or property; and (2) he does not allege any such injury was caused by the Defendants' actions.[2] *See Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 906 (11th Cir. 1998) ("a plaintiff has RICO standing only if his injuries were proximately caused by the RICO violation").

Even assuming Plaintiff had suffered some injury to his business or property, his RICO claim would still be subject to dismissal as frivolous. "In order to show a § 1962 violation, a plaintiff must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. … A RICO 'pattern' is two predicate acts of racketeering within a ten-year period, and 'racketeering

---

[2] The amended complaint contains conclusory allegations suggesting: (1) "it is possible [the PPD] stole [Plaintiff's] laptop themselves" in 2019; and (2) a "proper investigation will show" Defendants "all violated" Fla. Stat. § 448.045, which makes it a crime for individuals to conspire to prevent another person from procuring work. Because these allegations are conclusory, they are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

activity' is any act which is indictable under the list of criminal offenses in 18 U.S.C. § 1961." *Rock*, 556 F. App'x at 872 (citations omitted).

First, Plaintiff has not alleged the existence of an enterprise because he has not alleged how Defendants associated for the purpose of conducting illegal activity. *See Jackson*, 372 F.3d at 1264 ("A RICO enterprise exists 'where a group of persons associates, formally or informally, with the purpose of conducting illegal activity.'") (citation omitted); *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1270 (11th Cir. 2000) (the "plain language" of the RICO Act requires that the "enterprise" be "separate and distinct" from the "person" who is the defendant). The amended complaint is devoid of factual allegations showing any connection between Childers, the PPD, and the ECSO.

Second, Plaintiff has not established a pattern of racketeering activity because he has not sufficiently alleged Defendants committed any of the predicate acts listed in 18 U.S.C. § 1961(1). His amended complaint makes vague references to witness tampering, but those claims appear to be based on nothing more than his subjective belief that some individuals do not want him to pursue certain litigation.[3] *See Houston v. Manheim-New York*, 475 F. App'x 776, 779-80 (2d Cir. 2012) (concluding plaintiff's claim that letter from lawyer "advising him that he had

---

[3] For example, Plaintiff asserts he temporarily lost access to his Facebook account due to issues with two-factor authentication, which he contends is part of "a general pattern of RICO witness intimidation against him[.]" Doc. 11 at 24-24.

improperly named several defendants and that the claims against them should be dismissed" constituted witness tampering and violated the RICO Act was frivolous). Furthermore, Plaintiff has not described how any of the events which purportedly occurred are related. *See Jackson*, 372 F.3d at 1264 ("To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature.") (citations and emphasis omitted). The facts alleged simply do not establish the existence of the predicate acts necessary to support a RICO Act claim.

### B. Criminal Prosecution

Plaintiff also suggests certain individuals will be subject to criminal prosecution based on his allegations. However, this case cannot be used to initiate criminal investigations or prosecutions because a private citizen like Plaintiff "has no judicially cognizable interest in the prosecution or non-prosecution of another," *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)), and the Court does not have the authority to order the government to prosecute individuals. *See Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) ("The district court also correctly concluded that it was without authority to order an investigation to the criminal acts alleged in the

complaint, since that responsibility is entrusted to the executive branch of the government and not the judiciary.") (citation omitted).

## IV. Conclusion

Based on the foregoing, the undersigned concludes this case should be dismissed for lack of subject-matter jurisdiction, as Plaintiff's conclusory allegations are frivolous and fail to show he has standing to bring a RICO Act claim.[4] *See Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (noting that "vague and conclusory allegations do not satisfy" a plaintiff's burden to "make a prima facie case of jurisdiction"); *see also Gilberti v. Governor of Fla.*, 835 F. App'x 508 (11th Cir. 2020) (affirming district court's dismissal of *pro se* plaintiff's RICO claims for lack of jurisdiction because the claims were "wholly insubstantial and frivolous").

---

[4] After submitting his amended complaint, Plaintiff filed two documents: (1) a draft petition he plans to submit to an Alabama grand jury in the hope that criminal charges will be brought against individuals for incidents which occurred in that state, Doc. 13; and (2) a "Notice" of an encounter Plaintiff had with PPD Officer K. McMahon on November 19, 2023, Doc. 12. As an initial matter, these documents are not proper motions or pleadings. Also, to the extent these filings are supplements to the complaint, Plaintiff cannot amend his complaint in a piecemeal fashion. In any event, as previously explained, Plaintiff has not alleged a connection between the events in Alabama and the Defendants in this case. And the notice simply alleges that McMahon falsely accused Plaintiff of camping on a Pensacola street and littering. The conclusory and speculative allegations in the notice do not alter the conclusion that Plaintiff's allegations are frivolous and he has failed to establish standing to bring a RICO Act claim.

Case No. 3:23cv24643-MCR-HTC

Accordingly, it is ORDERED:

1.    Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is DENIED AS MOOT.

And it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2.    That the clerk close the file.

At Pensacola, Florida, this 21st day of November, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.